Crockett v. City of New York

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 25th day of April, two thousand eighteen.

Present:     ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
             DEBRA ANN LIVINGSTON,
                  *Circuit Judges*.

_____

JAMES CROCKETT, TERESA CROCKETT,

                  *Plaintiffs-Appellants*,

             v.                                              17-1661-cv

CITY OF NEW YORK, POLICE OFFICER RAUL A. PEREZ,
(SHIELD NO. 2957), POLICE OFFICER
MATTHEW J. AMBROSINO, (SHIELD NO. 1211),
POLICE OFFICER STEVEN BHAGAN, (SHIELD NO. 13662),
LIEUTENANT GREACIA HERDSMAN, (ID NO. 901687),

                  *Defendants-Appellees*.[1]

_____

Appearing for Appellant:     Scott A. Korenbaum, Law Offices of Frederick K. Brewington
                             (Frederick K. Brewington, *on the brief*), Hempstead, N.Y.

Appearing for Appellee:      Elina Drucker, Assistant Corporation Counsel (Richard Dearing,
                             Devin Slack, Assistant Corporation Counsels, *on the brief*), *for*

_____

[1] The Clerk of the Court is directed to amend the caption as above.

Zachary W. Carter, Corporation Counsel of the City of New York, New York, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Chen, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

James and Teresa Crockett appeal from the April 24, 2017 judgment of the United States District Court for the Eastern District of New York (Chen, *J.*) denying their motion for a new trial pursuant to Federal Rule of Civil Procedure 59(a). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

The Crocketts brought suit pursuant to 42 U.S.C. § 1983 alleging that New York City Police Officers Raul A. Perez, Matthew J. Ambrosino and Steve Bhagan, along with New York Police Lieutenant Greacia Heardsman, used excessive force against James Crockett ("Crockett"), falsely arrested him and subjected him to malicious abuse of process.  Following a six-day trial, a jury returned a verdict in favor of defendants on all counts. The Crocketts then moved for a new trial pursuant to Fed. R. Civ. P. 59(a)(1) on two grounds: that the verdict was against the weight of the evidence, and that statements made by defense counsel during summation were so improper as to taint the verdict.  The district court denied the motion. *Crockett v. City of New York*, 2017 WL 1437333 (E.D.N.Y. April 21, 2017).

This Court reviews the denial of a motion for a new trial based on attorney misconduct for abuse of discretion where counsel timely objected, and for plain error where counsel did not. *Marcic v. Reinauer Transp. Cos.*, 397 F.3d 120, 124 (2d Cir. 2005). Determining if counsel's conduct was so improper as to warrant a new trial is committed to the sound discretion of the trial judge. *Patterson v. Balsamico*, 440 F.3d 104, 119 (2d Cir. 2006) (citation omitted). The district court's denial of the Rule 59 motion on the ground that the verdict was against the weight of the evidence is not reviewable on appeal. *See Stonewall Ins. Co. v. Asbestos Claims Mgmnt. Corp.*, 73 F.3d 1178, 1199 (2d Cir. 1995). We address only the issue of whether the district court exceeded the bounds of its discretion in finding the challenged attorney conduct here did not necessitate a new trial.

Prejudicial misconduct by counsel is a ground for a district court to grant a new trial pursuant to Rule 59. *See Pappas v. Middle Earth Condo. Ass'n,* 963 F.2d 534, 540 (2d Cir. 1992). However, "not all misconduct of counsel taints a verdict to such a degree as to warrant a new trial." *Id.*  Indeed, "[r]arely will an attorney's conduct so infect a trial with undue prejudice or passion as to require reversal." *Marcic,* 397 F.3d at 124 (quoting *Reilly v. Natwest Markets Group, Inc.,* 181 F.3d 253, 271 (2d Cir. 1999)). "Not every improper or poorly supported remark made in summation irreparably taints the proceedings; only if counsel's conduct created undue prejudice or passion which played upon the sympathy of the jury, should a new trial be granted." *Matthews v. CTI Container Transp. Int'l, Inc.,* 871 F.2d 270, 278 (2d Cir. 1989).

2

The conduct complained of here simply does not rise to the level that requires a new trial. Defense counsel's concededly improper remarks regarding a meeting in the hallway between a plaintiff's witness, counsel and translator were immediately objected to, the objection was sustained, and the remarks promptly addressed by the district court with a curative instruction. *See Patterson*, 440 F.3d at 119 (district court's curative instruction sufficient, new trial not warranted). The remaining remarks regarding the credibility of two of plaintiff's witnesses, which were unobjected to, are simply not provocative enough on plain error review to warrant undoing the trial verdict. "Use of the words 'liar' and 'lie' to characterize disputed testimony when the witness's credibility is clearly in issue is ordinarily not improper unless such use is excessive or is likely to be inflammatory." *United States v. Coriaty*, 300 F.3d 244, 255 (2d Cir. 2002) quoting *United States v. Peterson*, 808 F.2d 969, 977 (2d Cir. 1987). The district court did not abuse its discretion in denying Crockett's motion for a new trial.

We have considered the remainder of the Crocketts' arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3